1  **O'HAGAN MEYER**
   ANTHONY C. OCEGUERA, SB# 259117
2      E-Mail: Aoceguera@ohaganmeyer.com
   1201 K Street, Suite 1960
3  Sacramento, California 95814
   Ph: 916.884.0752
4
   *Attorneys for Defendant ISEC, Incorporated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CERVANTES, an individual, | Case No. |
| Plaintiff, | **DEFENDANT ISEC, INCORPORATED'S NOTICE OF REMOVAL** |
| vs. | |
| ISEC, INCORPORATED, a Colorado corporation; and DOES 1 through 20, inclusive, | |
| Defendant. | Action Filed:   April 10, 2025<br>Trial Date: |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant ISEC, Incorporated ("Defendant" or "ISEC") by and through its counsel, hereby remove the above-captioned action from the Alameda County Superior Court of the State of California to the United States District Court for the Northern District of California under 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.

This Court has original subject matter jurisdiction over Plaintiff Danny Cervantes' ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between Plaintiff and Defendant (i.e., Plaintiff is a California citizen, whereas ISEC, a Colorado corporation with its principal place of business in Colorado, and the amount in controversy pertaining to Plaintiff's claims exceeds $75,000.00, exclusive of costs and interests. Additionally,

this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it pertains to violation(s) of a contract between an employer and a labor organization representing employees in an industry affecting commerce.

I.      **STATE COURT ACTION**

1. This is a putative wage-and-hour class action brought by Plaintiff Danny Cervantes ("Plaintiff") against ISEC in connection with Plaintiff's former employment as a journeyman carpenter.

2. Plaintiff Danny Cervantes was a union carpenter and member of the Carpenters Union, and his employment was governed by the 2022–2027 Master Labor Agreement between Associated General Contractors of California Inc. ("AGC") and the Carpenters 46 Northern California Counties Conference Board (2022-2027 MLA). (Declaration of Stephanie Parcheta ("Parcheta Decl.") ¶¶ 6-8; **Exhibits F, G and H.**) The 2022-2027 MLA—recognized under Section 9(a) of the National Labor Relations Act—sets forth binding terms regarding wages, hours, working conditions, and includes a mandatory grievance and arbitration procedure covering disputes arising from employment. (**Exhibit G.**)

3. On April 10, 2025, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Alameda, entitled *Danny Cervantes v. ISEC, Incorporated*, Case No. 25CV118432. (Declaration of Anthony Oceguera ("Oceguera Decl.") ¶ 2, (**Exhibit A**)). On May 1, 2025, Plaintiff served a Notice and Acknowledgment of Receipt of the Summons and Complaint by mail. Defense counsel executed the Acknowledgment of Receipt on May 20, 2025. (*Id*. ¶ 2, **Exhibit E**).

4. Plaintiff asserts claims against Defendant for: (1) Unpaid Overtime – Violation of Labor Code §§ 510, 1198; (2) Unpaid Meal Premiums – Violation of §§ 226.7, 512(a); (3) Unpaid Rest Premiums – Violation of § 226.7; (4) Unpaid Minimum Wages – Violation of §§ 1194, 1197, 1197.1; (5) Final Wages Not Timely Paid – Violation of §§ 201, 202; (6) Wages Not Timely Paid During Employment – Violation of § 204; (7) Non-Compliant Wage Statements – Violation of § 226(a); (8) Failure to Maintain Payroll Records – Violation of § 1174(d); (9) Unreimbursed

Business Expenses – Violation of §§ 2800, 2802; and (10) Unfair Business Practices – Violation of Bus. & Prof. Code § 17200. (*Id*.)

5. Plaintiff brings the action on behalf of himself and a putative class of all current and former hourly or non-exempt employees who worked for Defendant in California within four years preceding the filing of the Complaint. He seeks restitution, statutory penalties, interest, injunctive relief, and attorneys' fees and costs. Plaintiff further requests class certification and appointment of class counsel. (*Id*.)

6. Plaintiff ignores the fact that Plaintiff is subject to a valid collective bargaining agreement that would preclude the wage-and-hour class action contained in the Complaint, claiming incorrectly that the Superior Court of the County of Alameda has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 482 (**Exhibit A** at ¶ 1.)

7. Defendant has not filed a responsive pleading in this matter. Moreover, the Parties have not engaged in any formal or informal discovery. (Oceguera Decl. at ¶ 6).

8. In addition to the Complaint (Exhibit A) the state court action contains the Notice of Case Management Conference (*Id*. at ¶ 4, **Exhibit D.**).

9. To Defendant's knowledge, the pleadings attached as Exhibits A through E constitute all process, pleadings, and orders filed in the state court action. (Oceguera Decl. at ¶ 8). See 28 U.S.C. § 1446(a).

## II.     NOTICE OF REMOVAL IS TIMELY

10. Pursuant to 28 U.S.C. § 1446(b)(3), where an initial pleading does not make a case removable, "a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." Furthermore, 28 U.S.C. § 1446(c)(3)(A) provides that where a case stated by the initial pleading is not removable "because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

///

11. Given that Plaintiff's Complaint does not specifically identify the amount of damages sought—aside from general references to civil damages and statutory penalties for the entire class—Defendant's time to file a Notice of Removal has not yet run.

## III. JURISDICTION

### A. Diversity Jurisdiction

12. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the action is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

13. Plaintiff Danny Cervantes is a citizen of California. A natural person's citizenship is determined by their domicile—defined as their permanent home where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Courts presume that a person's residence is their domicile unless proven otherwise. *Ayala v. Cox Auto*, No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, at *10 (C.D. Cal. Nov. 4, 2016). In his Complaint, Plaintiff alleges that he is "an individual residing in the State of California." (**Exhibit A** [Complaint], ¶ 5.) Accordingly, for purposes of diversity and removal jurisdiction, Plaintiff is considered a citizen of California.

14. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Defendant ISEC is a Colorado corporation with its principal place of business located at 6000 Greenwood Plaza Blvd, Greenwood Village, Colorado 80111. Accordingly, for diversity purposes, ISEC is a citizen of Colorado.

15. Given that the named Defendant is not a citizen of California, and Plaintiff is a citizen of California, complete diversity of citizenship exists between Plaintiff and Defendant.

16. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a civil action based on diversity jurisdiction must exceed $75,000, exclusive of interest and costs.

///

17. A defendant need only establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. See *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In making this determination, courts consider all forms of relief sought by the plaintiff, including compensatory damages, statutory penalties, attorneys' fees, and any other monetary relief recoverable under applicable law. See *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

18. In evaluating the amount in controversy, courts assume that the allegations in the complaint are true and consider the amount a jury might award if the plaintiff prevailed on all claims. See *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

19. Defendant expressly denies the validity of Plaintiff's allegations and disputes both the legal and factual bases for any asserted liability. Defendant further denies that Plaintiff or any putative class members are entitled to any relief whatsoever. However, solely for purposes of removal—and without conceding the merits of any claim—Defendant asserts that it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.

20. Plaintiff alleges that Defendant failed to pay Plaintiff and the putative class members for all hours worked, including minimum and overtime wages. Plaintiff additionally alleges that Defendant failed to provide Plaintiff and the putative class with meal and rest periods. Plaintiff further alleges that Defendant is liable for its failure to timely pay wages during employment, failure to provide accurate wage statements, waiting time penalties, unreimbursed business expenses, and for unlawful and unfair business practices.

21. Plaintiff seeks the following relief on behalf of himself and the putative class: (a) Compensatory damages for unpaid minimum and overtime wages; (b) Liquidated damages for unpaid minimum wage and interest; (c) Compensatory damages for meal period premiums; (d) Compensatory damages for rest period premiums; (e) Penalties pursuant Labor Code § 226(e); (f) Penalties pursuant Labor Code § 204; (g) Waiting Time Penalties; (h) Unreimbursed business expenses; (i) Restitution under Business and Professions Code section 17200; and (j) Attorneys' fees and costs.

22. Based on Plaintiff's prayer for relief—which seeks compensatory damages and statutory penalties under the Labor Code, including for waiting time penalties, on behalf of the putative class, and looking just at potential waiting time penalties owed to employees terminated since the start of 2025 (equaling $197,280), makes clear that the amount in controversy exceeds the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332(a). (Oceguera Decl. at ¶ 9; Parcheta Decl. at ¶ 8.)

23. Accordingly, because there is complete diversity between the parties and the amount in controversy exceeds $75,000, this Court has original jurisdiction under 28 U.S.C. § 1332. Removal is therefore proper pursuant to 28 U.S.C. § 1441(a), and this action may be heard in the United States District Court for the Northern District of California.

### B. Federal Question Jurisdiction – LMRA Preemption

24. Additionally, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and the action is one that may be removed by Defendant under 28 U.S.C. § 1441(a). (See *Polo v. Innoventions, Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).) Pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, the district courts of the United States have original jurisdiction over any action brought for violation(s) of a contract between an employer and a labor organization representing employees in an industry affecting commerce. (*Curtis v. Irwin Indus., Inc*. 913 F.3d 1146, 1152 (9th Cir. 2019); see also *Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Tr. for S. Cal*. 463 U.S. 1, 23 (1983).)

25. At all relevant times during Plaintiff Danny Cervantes's employment with Defendant, he was a member of the Carpenters Union and employed pursuant to the 2022-2027 MLA, a collective bargaining agreement ("CBA") governing wages, hours, and working conditions. The Carpenters Union is a labor organization representing employees in an industry affecting commerce, as defined under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq.

///

///

6
DEFENDANT ISEC, INCORPORATED'S NOTICE OF REMOVAL

26. A true and correct copy of the 2022-2027 MLA, entered into between the AGC and the Carpenters 46 Northern California Counties Conference Board, is attached as **Exhibit F** to the *Stephanie Parcheta* Declaration.

27. The 2022-2027 MLA governed Plaintiff Danny Cervantes's employment throughout the relevant period, including up to his separation from employment on or about July 11, 2023. (Parcheta Decl. at ¶ 6.)

28. Claims that are completely preempted pursuant to Section 301 of the LMRA are treated as claims arising under federal law of which this Court has original jurisdiction under 28 U.S.C. § 1331. (See *Caterpillar Inc. v. Williams*, (1987) 482 U.S. 386, 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted law is considered, from its inception, a federal claim, and therefore arises under federal law.").) Additionally, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." (*AllisChalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citations omitted).) Any application of state law is preempted by Section 301 "if such application requires the interpretation of a collective-bargaining agreement." (*Lingle v. Norge Div. of Magic Chef, Inc.* 486 U.S. 399, 413 (1988).) Because of "the unusually 'powerful' pre-emptive force of § 301," this is true even where a plaintiff seeks relief "only under state law." (*Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6-7 (2003) (citing *Avco Corp. v. Aero Lodge No.*, 390 U.S. 557 (1968)).) "[LMRA section] 301 acts to preempt state law claims that substantially depend on the CBA, that are premised on negotiable or waivable state law duties the content of which has been covered by the CBA, or that seek to enforce the terms of the CBA." (*Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002).)

29. Additionally, the fact that the Complaint does not allege that a CBA governs the terms and conditions of Plaintiff's employment is irrelevant and does not preclude removal. (See *Jimenez v. Young's Mkt. Co.*, LLC 2021 U.S. Dist. LEXIS 242424, *17-18 (N.D. Cal. Dec. 20, 2021) ; see also *Radcliff v. San Diego Gas & Elec. Co.* 519 F.Supp.3d 743, 750 (S.D. Cal. Dec. 10, 2020); *Milne Employees Ass'n v. Sun Carriers, Inc*. 960 F.2d 1401, 1406 (9th Cir. 1991);

*Fristoe v. Reynolds Metals Co.* 615 F.2d 1209, 1212 (9th Cir. 1980) ("Mere omission of reference to Section 301 in the complaint does not preclude federal subject matter jurisdiction.").)

30. Plaintiff's claims for civil penalties and other relief under California's wage and hour laws, as alleged in his class action complaint, are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. This claim is preempted by section 301 of the LMRA because his class-based allegations under the California Labor Code—including failure to pay minimum and overtime wages, failure to provide lawful meal and rest breaks, untimely payment of wages, and unreimbursed business expenses—require interpretation of a governing collective bargaining agreement or in the case the Master Labor Agreement ("MLA"). Therefore, these claims are substantially dependent on an analysis of the MLA and fall within the scope of LMRA preemption.

31. Specifically, Plaintiff alleges that Defendant failed to properly calculate the regular rate of pay for overtime by excluding shift differentials, commissions, and non-discretionary bonuses. (Complaint ¶¶ 40–41.)

32. As courts have consistently held, claims under California's wage and hour laws are preempted by § 301 of the LMRA when resolution of those claims requires interpretation of a CBA. See *Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 U.S. Dist. LEXIS 8645, *13 (N.D. Cal. Jan. 18, 2022) (finding preemption where claims for unpaid minimum wages and show-up pay required CBA interpretation); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1035 (9th Cir. 2016); *Marquez v. Toll Global Forwarding*, 804 F. App'x 679, 681 (9th Cir. 2020).

33. Here, Plaintiff's claims for unpaid overtime, minimum wage violations, and failure to provide meal and rest breaks are substantially dependent on an interpretation of the AGC Carpenters MLA, which governs his employment.

34. Specifically:

- "Hours worked" and "overtime" are defined and governed by the provisions in Section 22 (Hours of Work), Section 23 (Shift Work) and Section 26 (Overtime), and Appendixes thereto, which establish the normal workday, workweek, and applicable overtime rates, including premium pay for Saturdays, Sundays, and holidays.

- Payment of wages, including the timing and method of payment, is governed by Section 31 (Payment of Wages) and Section 39 (Wage Rates), which requires that employees be paid weekly on a designated payday and that wages be paid in full for all hours worked, subject to any authorized deductions.

- Meal and rest period requirements are addressed under Section 22 (Work Day), which sets forth the conditions under which meal periods must be provided and how rest breaks are scheduled and compensated in the context of construction operations.

- Dispute resolution procedures, including mandatory grievance and arbitration processes are set forth in Section 51 (Grievance Procedure). These provisions establish that disputes concerning interpretation or application of the MLA must be resolved through binding arbitration, thereby preempting state law claims to the extent they require interpretation of the agreement.

- Reimbursement of business expenses is addressed under Section 28 (Tools) and Appendix A (Subsistence) which outlines the circumstances under which employees are entitled to reimbursement for travel-related expenses, lodging, meals, and other costs incurred in connection with performing work at distant job sites.

35. Accordingly, resolution of Plaintiff's wage and hour claims will require the Court to interpret the MLA's terms regarding work hours, compensation, and break entitlements, bringing the claims within the scope of Section 301 of the LMRA and supporting federal question jurisdiction under 28 U.S.C. § 1331.

**IV.  ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

36. The Superior Court of California, County of Alameda, is located within the territorial jurisdiction of the United States District Court for the Northern District of California. See 28 U.S.C. § 84(c)(2). Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

37. Because Defendant is the only remaining, existing, named defendant in this action, no other party's consent to this removal is required.

///

38. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

39. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over a person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; (6) claims are subject to binding arbitration; or (7) any other procedural or substantive defense available under state or federal law.

40. WHEREFORE, Defendant respectfully removes this action from the Superior Court of California, County of Alameda, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: June 20, 2025

**O'HAGAN MEYER**

By: _____
Anthony C. Oceguera
Attorneys for Defendant ISEC, Incorporated